FILED 02 SEP '20 13:11 USDC-ORE



**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Amy E. Potter
Assistant U.S. Attorney
amy.potter@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 7, 2020

Mr. Andrew D Coit
Boender Coit & Payment Attorneys
800 Willamette St Ste 700
Eugene OR  97401

   Re: *United States v. Pierce Morrow*, Case No. 6:20-CR-00158-MC-01
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive grand jury and plead guilty to a one count information, which charges the crime of distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

3. **Penalties**: The maximum sentence is 20 years' imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised May 2018

Re: Pierce Morrow Plea Agreement Letter
Page 2
January 7, 2020

5.   **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the information, the government must prove the following elements beyond a reasonable doubt:

    First, defendant knowingly distributed child pornography, as defined in 18 U.S.C. § 2256; and

    Second, the child pornography had previously been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

    Defendant admits the elements of the offense alleged in count one of information.

    The government's investigation revealed that Morrow was using Kik and participating in a chat room that involved the exchange of child pornography. Morrow posted images in the chat room including images of prepubescent girls and boys engaged in sexually explicit conduct. On January 18, 2018, a search warrant was executed at Morrow's residence and electronic devices were seized. A review of the Morrow's phone revealed multiple images and videos of child pornography.

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.   **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct detailed in the search warrants and all the child pornography found on digital items seized from his residence. For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---|
| Base offense level [USSG § 2G2.2(a)(2)] | 22 |
| Material involving a prepubescent minor [§ 2G2.2(b)(2)] | +2 |
| Distribution [§ 2G2.2(b)(3)(F)] | +2 |
| Material involving sadistic conduct [§ 2G2.2(b)(4)] | +4 |
| Use of computer [§ 2G2.2(b)(6)] | +2 |
| More than 600 images [§ 2G2.2(b)(7)(D)] | +5 |
| Acceptance of Responsibility | -3 |
| **Adjusted offense level** | **34** |

8.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's

Re: Pierce Morrow Plea Agreement Letter
Page 3
January 7, 2020

offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.   **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range or the mandatory minimum as long as defendant demonstrates an acceptance of responsibility as explained above.

10.   **Additional Departures, Adjustments, or Variances**:

   A.   Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to 18 U.S.C. § 3553. Defendant understands that there is a mandatory minimum sentence of five years' imprisonment and that any departure or variance may not be below that five year mandatory minimum.

   B.   Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.   **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other

Re: Pierce Morrow Plea Agreement Letter
Page 4
January 7, 2020

charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Re: Pierce Morrow Plea Agreement Letter
Page 5
January 7, 2020

### Transfer of Assets
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Based on the Supreme Court's decision in *Paroline v. United States*, 134 S. Ct. 1710 (2014), restitution may be owed to multiple victims who were in the images and videos possessed and traded by the defendant. The USAO will provide any restitution requests that are received to the defense and the Court and make any appropriate request for restitution.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.   **Forfeiture Terms:**

A.   **Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including his cell phone which defendant admits was used to facilitate defendant's criminal activity as set forth in the information.

Re: Pierce Morrow Plea Agreement Letter
Page 6
January 7, 2020

      B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which [has been or may be] initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///
///
///
///
///

Re: Pierce Morrow Plea Agreement Letter
Page 7
January 7, 2020

18. **Deadline**: This plea offer expires if not accepted by January 29, 2020 at 1:30 p.m.

            Sincerely,

            BILLY J. WILLIAMS
            United States Attorney

            *s/ Amy E. Potter*
            AMY E. POTTTER
            Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/1/20
Date

*Corr For D Morrow*
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/1/20
Date

Attorney for Defendant

Revised May 2018