ANDREW D. COIT, OSB #972378
Coit Law, P.C.
PO Box 50310
Eugene, Oregon 97405
Ph: 541-505-6713
E-Mail: coitattorney@gmail.com


Attorney for Defendant

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Eugene Division

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>PIERCE MATTHEW MORROW,<br><br>Defendant. | Case No. 6:20cr00158-MC<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

### I.    Introduction

Mr. Morrow was arrested for the instant offense on or about January 17, 2018.  Mr. Morrow was released after being arraigned on a criminal complaint and has remained out of custody between the time of his arrest and the time of this sentencing (a period of almost three years).  On September 2, 2020, Mr. Morrow pled guilty to an information alleging one count of Distribution of Child

Pornography.  Mr. Morrow waived grand jury presentment and admitted to the allegations as set forth in Count 1.

This matter is currently set on the Court's docket for sentencing on December 3, 2020 at 11:00 a.m. via videoconference.  It is defense counsel's current understanding that Mr. Morrow wishes to proceed with sentencing as scheduled and in this fashion.

Mr. Morrow is a 25-year-old male with no prior criminal record.  Mr. Morrow has engaged in treatment services since shortly after his arrest and release. Pursuant to plea negotiations, the government was initially recommending a low-end guideline sentence of 151 months incarceration.  The government now requests a variance from the guidelines to 108 months of prison.  The presentence investigator and report writer is recommending a variance and a sentence of 87 months prison followed by 60 months post-prison supervision.

Mr. Morrow is respectfully requesting that the Court impose the statutory minimum sentence of sixty months of incarceration followed by sixty months of community supervision.

There does not appear to be any disputed guideline issues in this matter.

## II.    Factual Background

Mr. Morrow believes that the final presentence report accurately sets forth the offensive conduct, the charges, the plea agreement and the guideline computation.  Mr. Morrow participated in the presentence investigation process.

## III.    Argument

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).  The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory provision making the Sentencing Guidelines mandatory, 18 U.S.C. § 3553(b)(1) and the guidelines became "effectively advisory."  Booker, 125 S. Ct. 757.  This ruling results in a system in which the sentencing court, while informed by the guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction.  The sentence will be subject to review by the Court of Appeals for "reasonableness." Id. at 769.

To determine an appropriate sentence, a sentencing court is to follow the three-step process set forth by the Supreme Court in Gall v. United States, 552 U.S. 38, 49 (2007).  First, the sentencing court must determine the guidelines' range.  Second, the sentencing court must determine whether any of the guidelines'

policy statements make it appropriate to adjust the guidelines' range.  Id. at 50; 18

U.S.C. section 3553(a)(5).  Finally, the sentencing should consider all factors set

forth in 18 U.S.C. section 3553(a), including whether a variance from the

guidelines is warranted.

The sentencing court should impose a sentence that is sufficient, but not

greater than necessary, to accomplish the ends of sentencing.  18 U.S.C. section

3553(a).

Mr. Morrow plead guilty to one count of distribution of child pornography,

in violation of 18 U.S.C. section 2252A(a)(2) and (b)(1).  The potential sentencing

range for that offense is five to twenty years incarceration.

In determining the appropriate sentence to be imposed, the Court should

consider:

1) the nature and circumstances of the offense and the history and

characteristics of Mr. Morrow;

2) the need for the sentence imposed;

3) the kinds of sentences available;

4) the kinds of sentence and the sentencing range set forth in the guidelines;

5) any pertinent policy statement;

6) the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty; and

7) the need to provide restitution to any victims of the offense.

18 U.S.C section 3553(a).

With respect to the need for the sentence imposed, the sentence should: (1) reflect the seriousness of the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes; and (4) provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

In this case, the defendant respectfully requests that the Court impose the minimum sentence of 60 months prison and the minimum period of post-incarceration supervision of 60 months. The presentence report in this case suggests a variance from the Sentencing Guidelines and a sentence of 87 months. Mr. Morrow agrees that a variance should be granted and agrees with the factual basis for the variance. Mr. Morrow respectfully asserts that under the 18 U.S.C. section 3553(a) factors, a variance to the minimum sentence of 60 months is appropriate.

Although the nature and circumstances of this case are serious, Mr. Morrow's personal history and characteristics warrant the sentence requested. Mr. Morrow is 25 years-old and has no criminal history. Mr. Morrow was arrested in January 2018 and has been on pretrial release since shortly after his arrest. This

constitutes a period of just under three years.  Mr. Morrow has been living with his parents during this time-period.

Mr. Morrow's performance on pretrial release has shown him to be somebody who can be safely supervised in the community.  Mr. Morrow has spent much of his time while on pretrial release engaged in counseling services. Through this engagement, Mr. Morrow has gained valuable insight into his previous conduct and has gained some tools necessary to help him live a law-abiding life in the future.

Mr. Morrow has strong family and community support.  A copy of character letters previously provided to the government are being filed as a supplement to the presentence report.

Mr. Morrow has maintained employment during pretrial release to the extent possible given the nature of these charges and issues presented by the pandemic.

Mr. Morrow has significant health issues including a history of kidney stones, diabetes, high blood pressure and sleep apnea.  Mr. Morrow has also been diagnosed with post-traumatic stress disorder.

Mr. Morrow passed a polygraph to demonstrate to the Court and the government that since he turned the age of 21, he has not had any sexual contact with any persons under the age of 18.  A copy of that polygraph has been provided to the government and is being filed as a supplement to the presentence report.

With respect to the need for the sentence imposed, the Court is to consider the four factors in 18 U.S.C. § 3553(a)(2). Under those factors, the sentence should: (1) reflect the seriousness of the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes; and (4) provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

Again, Mr. Morrow understands the seriousness of the offense and has accepted responsibility by pleading guilty to it. A prison sentence of 60 months is a sufficient demonstration to the defendant and other members of society that this offense is serious and is being treated as such. It is also a sufficient sentence to deter defendant and others from future commission of this type of offense. A sentence of five years prison will protect the public from further crimes that could be committed by defendant to the extent necessary. Mr. Morrow submits that his lack of criminal history coupled with his conduct during pretrial release should demonstrate to the Court that he can be safely supervised in our community.

In additional to a sentence of incarceration, there are several other collateral consequences to this conviction. Mr. Morrow will have to register as a sex offender upon his release from incarceration. Mr. Morrow's case has been discussed in the press. Mr. Morrow will have a lifetime felony conviction for a sex offense. These collateral consequences all demonstrate the seriousness of the

conduct to Mr. Morrow and to others.  These collateral consequences will have a

deterrent effect to others as will the prison sentence regardless of length in this

case.

Mr. Morrow's performance on pretrial release coupled with his commitment

to engage in counseling services demonstrate that he is somebody who can be

safely supervised in the community.  Mr. Morrow has significant medical needs.

Some of these medical needs may be difficult to address in prison and could better

be addressed during the post-incarceration and community supervision period of

the Court's sentence in this case.

Mr. Morrow does need to participate in additional educational and

vocational training.  Mr. Morrow would have much better access to those services

if he were not subjected to a lengthy sentence.  It will be easier for Mr. Morrow to

obtain meaningful educational and vocational training once he is released from

incarceration.

With respect to the kinds of sentences available in this case, unfortunately

the Court is restricted to imposing at least the minimum sentence of 60 months.

The Court may impose a sentence of up to twenty years.  Mr. Morrow submits he

would be an excellent candidate for probation if that were an option.  However, the

Court must impose a sentence of incarceration in this case.

The sentencing guidelines in this case range from 151 to 188 months. Given Mr. Morrow's lack of prior criminal history and other relevant factors discussed herein, Mr. Morrow respectfully submits that a variance is appropriate in this case.

Any government policy to punish offenders such as Mr. Morrow will be well served in this case regardless of the length of the sentence. The Court has no option but to impose a significant prison sentence. Mr. Morrow is subject to the forementioned collateral consequences. A sentence of sixty months prison followed by sixty months supervision for Mr. Morrow would be consistent with policy objectives of holding such offenders accountable.

A sentence of sixty months should also avoid unwarranted sentencing disparities among similarly situated defendants. It is defense counsel's current understanding that Mr. Morrow is alleged to have had approximately 12 prohibited videos and just over 600 prohibited photos in his possession and to have distributed some portion of those materials online. The Court is in the best position to weigh defendant's conduct against similarly situated defendants charged with this violating this statute. It is worth remembering here that Mr. Morrow has no criminal history and is 25 years of age. It may be worth noting that defendants with this level of criminal conduct could receive probation if charged in the state court system.

By imposing the minimum sentence of 60 months, the Court would also be putting Mr. Morrow in a position where he could pay restitution to his victims in the most expeditious fashion. Mr. Morrow understands that a restitution judgment will be part of his sentence. Mr. Morrow anticipates being able to pay this restitution promptly once he is released from custody and able to go back to work.

Mr. Morrow understands the seriousness of his conduct. Mr. Morrow comes before the Court to accept full responsibility for his actions. Mr. Morrow looks forward to his release from incarceration. Mr. Morrow feels that once released from prison, he will be an excellent candidate for community supervision and be able to stay in compliance with court-imposed conditions. Perhaps the most compelling proof of Mr. Morrow's ability to be safely supervised in the community is Mr. Morrow's performance on pretrial release.

Mr. Morrow's family will continue to be an excellent source of support. Mr. Morrow will enjoy family support while incarcerated and will continue to enjoy that support upon his release from prison.

## Conclusion

It is Mr. Morrow's sincere hope that the Court finds this case appropriate for a variance based upon factors listed above and in the presentence report. Mr. Morrow respectfully requests a variance to the minimum sentence of sixty months in prison to be followed by sixty months of community supervision.

RESPECTFULLY SUBMITTED this 27th day of November, 2020.


*/s/ Andrew D. Coit*
ANDREW D. COIT, OSB #972378
Attorney for Defendant Morrow

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the above-mentioned date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

AUSA Jeffrey Sweet
US Attorney's Office, District of Oregon
405 E. 8th Avenue, Ste. 2400
Eugene, Oregon 97401
P (541) 465-6771
F (541) 465-6917
E-Mail: jeff.sweet@usdoj.gov

      RESPECTFULLY SUBMITTED this 27th day of November, 2020.

*/s/ Andrew D. Coit*
ANDREW D. COIT, OSB #972378
Attorney for Defendant Morrow